JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
Stephen R. Hanson II
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Stephen.Hanson@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| United States of America, | Case No. 2:19-cv-01316-CDS-EJY |
|---|---|
| Plaintiff, | **Unopposed Motion for Exception to Settlement Conference Attendance Requirements** |
| v. | |
| D. BRIAN BOGGESS, | |
| Defendant. | |

### I.    Introduction

This is a case in which the United States is seeking payment of a refund to which it is entitled for benefits paid under the Federal Employees' Compensation Act. The Court has set this case for a settlement conference on June 2, 2022. ECF No. 19. The order scheduling the settlement conference states, "Unless the Court orders otherwise, all parties must be present in person for the duration of the settlement conference." *Id.* The order further states, "If any party is subject to coverage by an insurance carrier, a representative of the insurance carrier with authority to settle this matter up to the full amount of the claim **must** attend." *Id.* The United States requests that the undersigned AUSA be allowed to participate in this settlement conference as the representative for the United States. We have discussed this matter with Defendant D. Brian Boggess, and he does not intend to oppose this motion.

## II.  Argument

The United States is unlike any other party because it is "the most frequent litigant in federal court." *United States v. U.S. Dist. Court for N. Mariana Islands*, 694 F.3d 1051, 1058-59 (9th Cir. 2012), as amended (Oct. 16, 2012). Because the government handles a very large number of cases, it would be impractical, if not physically impossible, for those with settlement authority to prepare for—and appear at—all settlement conferences. *Id.* at 1059. The Advisory Committee notes to the 1993 amendments to Federal Rule of Civil Procedure 16 acknowledge the unique position that the federal government occupies as a litigant:

> Particularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility.

Fed. R. Civ. P. 16 advisory committee's note.

The government delegates settlement authority to select individuals to promote centralized decision-making. *U.S. Dist. Court for N. Mariana Islands*, 694 F.3d at 1059-60. Centralized decision-making promotes three important government objectives. *Id.* First, it allows the government to act consistently in important cases. *Id.* Second, centralized decision-making allows the executive branch to pursue policy goals more effectively by placing ultimate authority in the hands of a few officials. *Id.* Third, by giving authority to high-ranking officials, centralized decision-making better promotes political accountability. *Id.* In light of these principles, the Ninth Circuit has determined that district courts should adopt a "practical approach" in deciding whether to require a government representative with full settlement authority to attend a pre-trial conference. *Id.* at 1061 (quotation omitted). Only as a "last resort" should the district court require an official with full settlement authority to participate in a pre-trial conference in person. *Id.* (quotation omitted). The full amount of the claim in this case is $104,596.55.

The ultimate authority to settle this case rests with officials at the Department of Labor, the United States Attorney's Office for the District of Nevada, and officials within

the Department of Justice, depending on the amount involved, and whether the client agency and Department of Justice officials agree with the proposed resolution. 28 C.F.R. § 0.168(a). It is not feasible, however, for these officials to attend this settlement conferences or the many others that are conducted throughout the country. Moreover, AUSAs routinely participate in settlement conferences in this district as the United States' sole settlement representatives. Before the settlement conference, the AUSA discusses the case with the officials with appropriate settlement authority to determine the range of settlement offers the United States would accept. This approach has not hampered settlement discussions or impeded settlement in the hundreds of settlement conferences in which the United States has participated. Hundreds of cases involving the United States have settled over the years using this approach. I conferred with Defendant about this arrangement, and he has informed me that he does not intend to oppose this motion.

Accordingly, the United States requests that the Court allow AUSA Stephen Hanson to participate in the settlement conference as the sole representative for the United States. AUSA Hanson will brief the appropriate government officials on the case before the settlement conference to ensure the United States' meaningful participation.

Should it be necessary, AUSA Hanson will provide further recommendations to appropriate government officials via telephone during the settlement conference.

Dated: May 20, 2022

JASON M. FRIERSON
United States Attorney

*/s/ Stephen R. Hanson II*
STEPHEN R. HANSON II
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 23, 2022